## APPEAL DOES NOT PREVENT JUSTICE PAYING OUT MONEY RECEIVED FROM GARNISHEE.

Circuit Court of Cuyahoga County.

-ENOCH'S LUMBER & MANUFACTURING COMPANY v. GLENN E. GRISWOLD ET AL.

Decided, May 15, 1911.

*Attachment—Appeal—Money Paid into Court Turned Over to Plaintiff —Bond of Justice Not Liable.*

There being no express provision of statute requiring that money paid by a garnishee into court shall be held by a justice of the peace pending the expiration of the time allowed by law for taking an appeal from his judgment, neither he nor his sureties can be held liable for his making payment of the same to the plaintiff in attachment, though an appeal be afterwards taken and the action, after such appeal, be voluntarily dismissed.

*Frank Higley,* for plaintiff in error.
*W. C. Dille,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties to this proceeding in error stand as they stood below. There the defendants prevailed in an action on the official bond of a justice of the peace to recover money of the plaintiff, which was garnisheed in the hands of its debtor, voluntarily paid by the latter to said justice, and by him paid to the plaintiff in attachment after judgment, but before the ten days, allowed by law for appealing from such judgment, had expired.

The legality of such payment within that period is the sole question before us. Other questions concerning the sufficiency of the service of the writ of attachment, as disclosed by the constable's return, the time when service by publication on the Enoch's Lumber & Manufacturing Company was or could lawfully be begun, and the jurisdiction of the justice in view of these matters, are sought to be raised on the finding of facts made by the court below. But the admission of the pleadings are conclusive upon all these points, leaving nothing for us to decide save the question first above stated.

On this we hold that, in the absence of any express provision of statute requiring that money paid by a garnishee into court shall be held by the justice pending the expiration of the time allowed by law for taking an appeal from his judgment, neither he nor his sureties can be held liable for his making such payment to the plaintiff in attachment, though an appeal be afterwards taken, and the action, after such appeal, be voluntarily dismissed. When the payment was made, the judgment was in full force and effect. Nothing that happened afterwards can invalidate the payment so made.

Judgment affirmed.